980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Thomas L. HUMPHREY, Appellant.
 No. 92-2332.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 10, 1992.
Filed: November 23, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Thomas L. Humphrey pleaded guilty to conspiring to distribute cocaine base, and the District Court[1] sentenced him to eight years and one month. On appeal, he contends that the District Court erred by increasing his offense level by two for possession of a weapon under U.S.S.G. § 2D1.1(b)(1). We affirm.
 
 
 2
 A grand jury indicted Humphrey and two codefendants for conspiring to distribute cocaine base and aiding and abetting the distribution of cocaine base. The indictment listed as overt acts two separate drug sales-one on August 30, 1991, and another on September 3, 1991. Coconspirator Stephen A. Ramsey was also charged with using a firearm during and in relation to the August 30 sale. Pursuant to a plea agreement, Humphrey pleaded guilty to the conspiracy charge, and the government dismissed the two aiding-and-abetting charges.
 
 
 3
 The presentence report (PSR) recommended a two-level increase under section 2D1.1(b)(1) for possession of a dangerous weapon on the ground that codefendant Ramsey held a revolver on an undercover officer during the first drug sale, and Humphrey stood directly behind him. Humphrey objected to the increase, arguing that it was not mentioned in the plea agreement, and that he had no knowledge that a weapon was being used. The District Court overruled the objection, based on the undercover officer's testimony-which the Court heard while presiding at Ramsey's trial-that Humphrey was present when Ramsey held a gun on the officer. On appeal, Humphrey argues that the District Court's reliance on testimony from Ramsey's trial to impose the increase violated due process and the Confrontation Clause, and that there was no evidence presented at the hearing to support the increase.
 
 
 4
 Humphrey did not make his constitutional arguments in the District Court. We therefore decline to address them here.
 
 
 5
 We also reject Humphrey's claim that the evidence did not support the increase. We review the District Court's decision to impose an increase pursuant to section 2D1.1(b)(1) under the clearly-erroneous standard. See United States v. Haren, 952 F.2d 190, 198 (8th Cir. 1991). The adjustment "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Application Note 3 to U.S.S.G. § 2D1.1. "The government must prove a connection between the gun and the criminal activity." United States v. Turpin, 920 F.2d 1377, 1386 (8th Cir. 1990), cert. denied, 111 S. Ct. 1428 (1991).
 
 
 6
 A defendant's offense level may be increased on the basis of a coconspirator's possession of a weapon "if it was reasonably foreseeable that one of them would possess a gun in furtherance of the jointly undertaken criminal activity." Id.
 
 
 7
 The District Court presided at Ramsey's trial at which an undercover officer testified that when he made the August 30 drug buy, Ramsey held a weapon on the officer while Humphrey was standing directly behind Ramsey. Humphrey admitted his involvement in the cocaine-distribution conspiracy and his participation in the August 30 sale, but claimed, through his attorney, that he was unaware of a weapon's being used at any time. The District Court found the undercover officer's testimony believable. Given the District Court's credibility determination and the fact that Humphrey was present while Ramsey held a weapon on the undercover officer, we do not believe the District Court clearly erred by imposing the two-level increase.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri